# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. BAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1067 DJS |
| | ) | |
| C.R. GAINES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff, an inmate at Moberly Correctional Center, brings this action under 42 U.S.C. § 1983 against several government officers and entities for alleged violations of his constitutional rights. After reviewing the complaint, the Court finds that it should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An

action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id., at 461-63.

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

The allegations in the complaint stem from plaintiff's several arrests and current incarceration for his refusal to lawfully register his vehicle or to obtain a valid driver's license as required by Missouri law. Named as defendants are the City of Potosi, Missouri; the County of Washington, Missouri; C.R. Gaines (Police Officer, Potosi); William Gum (same); Daniel James (Assistant Prosecuting Attorney, Washington County); John Rupp (Prosecutor, Washington County); Troy Hyde (Associate Circuit Court Judge, 24th Judicial Circuit); Kenneth Pratt (Circuit Court Judge, 24th Judicial Circuit); and Kevin Schroeder (Sheriff, Washington County). The complaint seeks declaratory, injunctive, and monetary relief.

Plaintiff claims that he is a "free, white, natural, adult man, who, prior to being imprisoned, was living & working on the land in a private capacity only . . ." Plaintiff says that he is "one of the sovereign people who comprise the State of Missouri, and is therefore one of the holders of the inherent political power over all internal state government and police thereof pursuant to" the Missouri State Constitution and the Declaration of Independence. Plaintiff believes that, because he is a "sovereign person," the State of Missouri lacks jurisdiction to enforce its laws against him.

According to plaintiff, he has been an outspoken critic of the state government since 1991. Specifically, plaintiff believes that the "driver's license and vehicle

registration taxes [have been] impermissibly, arbitrarily administered and enforced against most unwitting Missouri motorists under color of state law for unjust enrichment." To protest Missouri's vehicle registration system, plaintiff has steadfastly refused to register his vehicles or obtain a driver's license. Additionally, plaintiff affixed homemade plates to his vehicles that read "PRIVATE" and "KINGDOM OF YAHWEH."

Plaintiff has been cited and arrested several times for operating his vehicle without a valid driver's license and without vehicle registration. Under Missouri law, it is initially a misdemeanor to violate the license and registration laws. Mo. Rev. Stat. § 302.020. After two or more convictions, however, violating § 302.020 is a Class D felony.

Plaintiff admits that he had more than two previous convictions under § 302.020 before he was arrested by the police officer defendants for driving an unregistered vehicle without a driver's license on January 7, 2003, and again on January 9, 2004. After a bench trial on the January 7, 2003, arrest, defendant Hyde found plaintiff guilty of violating § 302.020. Plaintiff alleges that Hyde initially sentenced plaintiff to a fine, but after plaintiff claimed that he could not afford to pay the fine Hyde found plaintiff to be in civil contempt and imprisoned him.

On March 15, 2004, a probation violation hearing was held and plaintiff was found to have violated his probation agreement because of the 2003 and 2004 arrests. As a result, plaintiff was given prison sentences of two and three years to run consecutively and remanded to the custody of the Missouri Department of Corrections.

As a consequence of the January 9, 2004, arrest, a grand jury indicted plaintiff with the Class D felony of driving without a license. Plaintiff complains that he was transported several times from prison to Washington County to attend court proceedings. Plaintiff claims that the trips were uncomfortable and that he was sometimes placed in administrative segregation for as long as nine days. Plaintiff alleges that the matter is currently on the court's docket for August 20, 2007. Defendant Pratt is alleged to be the presiding judge. Defendants James and Rupp are the prosecuting attorneys.

Plaintiff claims that he was offered parole on February 14, 2005, but that he "refused to accept the outrageous special conditions of electronic surveillance, no drinking, and no driving . . ."

Plaintiff states that he filed several post-conviction motions for relief and that they have all been denied.

Plaintiff seeks a declaration that the imprisonment he received when Hyde found plaintiff to be in contempt was unlawful. Plaintiff further seeks an injunction

preventing the state from proceeding against him in the case currently pending in Washington County. Plaintiff further seeks an order finding Mo. Rev. Stat. § 302.020 to be unconstitutional. Finally, plaintiff seeks a total of $10 million in money damages.

## Discussion

Plaintiff's assertion that the State of Missouri lacks jurisdiction to enforce its laws against him because he is a "sovereign person" is so frivolous as not to warrant extended discussion. This is one of several arguments that have been advanced by tax protesters across the country and uniformly rejected by the federal courts. E.g., Crain v. Commissioner of Internal Revenue, 737 F.2d 1417 (5th Cir. 1984). Plaintiff's argument that Mo. Rev. Stat. § 302.020 is unconstitutional is also without any merit. Consequently, plaintiff's claims for unlawful arrest and imprisonment are legally frivolous.

For plaintiff to recover money damages for allegedly unconstitutional conviction or imprisonment he must first show that the conviction has been reversed or that habeas relief has been granted in his favor. Heck v. Humphrey, 512 U.S. 477, 486-487 (U.S. 1994). Plaintiff cannot make this showing because each of his motions for post-conviction relief have been denied. As a result, theses claims are not cognizable under § 1983, id. at 487, and should be dismissed as legally frivolous.

Defendants James, Rupp, Hyde, and Pratt are immune from suit. E.g., Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity). Consequently, the complaint should be dismissed as to these defendants.

Plaintiff's allegations regarding the conditions of his confinement do not implicate constitutionally protected interests because they do not constitute an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In consequence, these claims should be dismissed as legally frivolous.

Finally, the circumstances surrounding this action suggest that it has been filed for an improper purpose. Plaintiff admits that he has been violating Missouri law for more than fifteen years by driving unregistered vehicles without a driver's license. The effect of plaintiff's refusal to comply with state law is that he has been arrested several times and been given several prison sentences. Plaintiff now seeks to sue the police officers, prosecuting attorneys, and judges involved in his arrests and convictions for $10 million. As a result of these circumstances, the Court finds that plaintiff has instigated this action not to vindicate a cognizable constitutional right but to harass those state officials involved in enforcing the laws of the State of Missouri against him, and this action should be dismissed as malicious.

For each of the reasons stated above, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A.

An Order of Dismissal shall accompany this Memorandum and Order.


Dated this  5th  day of June, 2007.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE